IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BUCHANAN, | : | |
|     Petitioner, | : | |
| | : | No. 1:17-cv-01618 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN BALTAZAR, | : | |
|     Respondent | : | |

## MEMORANDUM

**I.  BACKGROUND**

On September 11, 2017, the Court received and docketed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner John Buchanan ("Petitioner"), an inmate at United States Penitentiary Canaan, Pennsylvania, ("USP-Canaan").  (Doc. No. 1.)  Petitioner challenges his sentence from a 1993 conviction imposed by the United States District Court for the Western District of Texas in United States v. Buchanan, No. 1:93-cr-00060-1 (W.D. Tx. 1993).

Petitioner was found guilty in the Western District of Texas on the following six counts: 1) possession with intent to distribute cocaine base; 2) conspiracy to possess with intent to distribute cocaine base; 3) aiding and abetting in using or carrying a firearm during a drug-trafficking offense; 4) using and carrying a machine gun during a drug-trafficking offense; 5) possession of a machine gun; and 6) being a convicted felon in possession of a firearm.  (Doc. No. 9 at 2-4);

1

United States v. Buchanan, 70 F.3d 818, 825 (5th Cir. 1995). Petitioner was sentenced to 780 months imprisonment. (Doc. No. 9 at 4.) His sentence at count 4 – using and carrying a machine gun during a drug-trafficking offense – was 360 months and was imposed consecutively to counts 1 and 2. (Id.)

On appeal, the Fifth Circuit upheld Buchanan's convictions but vacated the sentences at counts 3 and 4, finding that counts 3 and 4 violated the Double Jeopardy Clause because the use and carrying of multiple firearms related to the same underlying drug-trafficking offense. (Id.); Buchanan, 70 F.3d at 829. Specifically, count 3 charged Petitioner with violating 18 U.S.C. § 924(c) for aiding and abetting in using and carrying two semi-automatic pistols during the crime of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), while count 4 charged Petitioner with violating 18 U.S.C. § 924(c) for using and carrying a machine gun during the same predicate crime. (Id.); Buchanan, 70 F.3d at 829-30. The Fifth Circuit remanded for resentencing on counts 3 and 4 on whichever count the Government chose to proceed with. (Id. at 5.)

On remand, the Government proceeded with count 4 – Petitioner's use and carrying of a machine gun with the intent to distribute cocaine. (Id.) Petitioner was then sentenced to 360 months on counts 1, 2, 5, and 6, with Petitioner receiving a consecutive 360-month sentence at count 4. (Id.) In 1997, Petitioner

2

filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. (Id.); Buchanan, No. 1:93-cr-00060-1, Doc. No. 184. Petitioner argued that as to his § 924(c) conviction for using and carrying a firearm, it should be vacated because: 1) the evidence was insufficient to show "active employment of a firearm"; and 2) the district court gave the jury an erroneous pre-Bailey instruction on what constitutes "use" of a firearm. (Id.) Petitioner's § 2255 motion was denied on June 30, 1998. (Id.)

In denying the § 2255 motion, the court found that there was sufficient evidence from which a jury could find beyond a reasonable doubt that Petitioner had both "used" and "carried" a firearm during and in relation to a drug offense, and that the facts "undeniably" did not support the conclusion that Petitioner was "actually innocent" of his § 924(c) charge in count 4. (Id. 6, 7.) As noted by Respondent, it does not appear that Petitioner has sought to file a successive § 2255 motion. Rather, in September of 2017, Petitioner filed the instant § 2241 habeas petition with this Court. (Doc. No. 1.)

## II. DISCUSSION

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Indeed, to challenge the validity of a sentence, a federal prisoner must file

a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." See Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) ("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence."); Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Swain v. Pressley, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)).

Conversely, a federal prisoner may challenge the execution of his sentence, such as a claim concerning the denial or revocation of parole, or the loss of good-time credits, by filing a § 2241 petition in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443–44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." Brown, 167 F. Supp. 2d at 726; see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir.

4

1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1165, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); see In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)). This "safety-valve" clause is to be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 F. App'x at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law."). The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119

5

F.3d at 251-52; Dusenbery v. Oddo, Civ. No. 17-2402, 2018 WL 372164, at *3 (M.D. Pa. Jan. 11, 2018) (citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988) (providing that prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective); Litterio, 369 F.2d at 396. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

However, as recognized in Dorsainvil, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000)

6

(concluding § 2241 may not be used to challenge a determination that the prisoner was a career offender under U.S.S.G. § 4B1.1 where subsequent statutory interpretation revealed that the conduct at issue could not support a finding that the prisoner was a career offender); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi." United State v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73, 2012 WL 252416, at *2 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner challenges the imposition of his sentence, not its execution. Therefore, to proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner has not met this burden. Indeed, his claims do not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction and could not satisfy the stringent

7

standard for filing a second or successive § 2255 motion.[1]  He also has not shown that other extraordinary circumstances warrant relief.

Indeed, in his previously filed § 2255 motion, the District Court for the Western District of Texas, in addressing Petitioner's <u>Bailey</u> arguments, found that there was sufficient evidence from which a jury could find beyond a reasonable doubt that Petitioner had both "used" and "carried" a firearm during and in relation to a drug offense as well as that the facts "undeniably" did not support the conclusion that Petitioner was "actually innocent" of his § 924(c) charge in count 4.  <u>Buchanan</u>, No. 1:93-cv-00060-1.  Thus, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right he may have to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court.

## III.  CONCLUSION

"The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255."  <u>Oddo</u>, 2018 WL 372164, at *4.  Accordingly, because there is no basis for a determination that § 2255 is inadequate or ineffective, the § 2241 petition (Doc. No. 1), will be dismissed

---

[1] Petitioner has not shown that any of the cases he cites to constitute an intervening change in law which made available to him the arguments he presents here.  Moreover, the Court fails to see how the cases cited by Petitioner bear any relation to his conviction for using and carrying a machine gun in furtherance of drug trafficking.

8

without prejudice for lack of jurisdiction to Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply.  Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary.  An appropriate order follows.

                            s/Sylvia H. Rambo
                            SYLVIA H. RAMBO
                            United States District Judge

Dated: October 23, 2018